IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CEDAR PARK MONTESSORI,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. _ |
| § | | ____1:23-cv-325____ |
| **UTICA MUTUAL INSURANCE** § | | _____ |
| **COMPANY,** § | | |
| § | | |
| *Defendant.* § | | |

### DEFENDANT UTICA MUTUAL INSURANCE COMPANY'S
### NOTICE OF REMOVAL

UTICA MUTUAL INSURANCE COMPANY ("Utica") timely files this Notice of Removal and respectfully shows the Court as follows:

### I.
### PROCEDURAL HISTORY AND BASIS FOR REMOVAL

1. Plaintiff Cedar Park Montessori ("Plaintiff") commenced this lawsuit on February 21, 2023, against Utica in the 425th District Court of Williamson County, Texas, bearing cause number 23-0250-C425 (the "State Court Action").

2. On February 22, 2023, Utica received notice of the lawsuit by receiving a copy of Plaintiff's Original Petition (Exhibit "D-1"). Utica filed an answer in the State Court Action on March 20, 2023 (Exhibit "D-4").

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within the thirty-day statutory time-period for removal.

4. Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, breach of the common law duty of good faith and fair dealing, breach of TEX. INS. CODE ANN. §§ 541 and 542, and breach of the Texas Deceptive Trade Practices Act ("DTPA").

Plaintiff's claims arise under a commercial insurance policy issued to Plaintiff by Defendant on a property owned by Plaintiff located in Cedar Park, Texas, which is alleged to have been damaged by a storm in August 2022 causing damage to Plaintiff's property.

5. Defendant files this Notice of Removal pursuant to 28 U.S.C. § 1441(b) which permits removal based on diversity jurisdiction. 28 U.S.C. § 1332 sets forth the factual predicates justifying the exercise of diversity jurisdiction. Those requirements are: (i) complete diversity among the parties and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

A. **Jurisdiction**

6. In a removal, "the burden of persuasion for establishing diversity jurisdiction is on the party asserting it." *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

7. Removal based on diversity of citizenship may only be effectuated if none of the parties in interest are properly joined and the served defendant is a citizen of the State in which the action is brought. 28 U.S.C. § 1441.

8. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Plaintiff is a domestic limited liability company with its principal place of business in Travis County, Texas. Both at the time the lawsuit was originally filed and at the time of removal, Utica is an insurance company whose principal place of business is New York. Utica is a citizen of New York for diversity purposes.

9. Because Plaintiff is a citizen of Texas and Utica is a citizen of New York, complete diversity of citizenship exists among the parties.

10. This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Here, Plaintiff alleges cause of action for breach of contract, breach of the common law duty of good faith and fair dealing, breach of TEX. INS. CODE ANN. §§ 541 and 542, and breach of the Texas Deceptive Trade Practices Act ("DTPA"). . *See* Exh. D-1, Plaintiff's Original Petition at ¶ 6. Plaintiff has provided Utica with an estimate totaling $38,932.49 in property damage plus interest, general damages, and attorneys' fees and costs (*see* id. at § 15) and seeks monetary relief of $250,000 or less excluding interest, statutory or punitive damages and penalties, and attorney fees and costs (*see* id. at § 58). In addition, Plaintiff's demand dated December 8, 2022 states ". . . we shall request the trier of fact to compensate Plaintiff $128,282.55 . . ." *See* Exhibit "A" attached hereto and incorporated herein as if fully set forth at length. Accordingly, the total amount in controversy exceeds $75,000.

**B.    Venue**

11. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

### C. Removal Requirements

12. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 425th District Court of Williamson County, Texas pursuant to 28 U.S.C. § 1446(d).

13. Attached hereto are all the documents required by 28 U.S.C. § 1446(a) including:

   Exhibit A:   Civil Cover Sheet

   Exhibit B:   Supplemental Cover Sheet

   Exhibit C:   State Court Docket Sheet

   Exhibit D:   Index of State Court Documents

       Exhibit D-1:   Plaintiff's Original Petition

       Exhibit D-2:   Request for Issuance

       Exhibit D-3:   Return of service for Utica

       Exhibit D-4:   Defendant Utica Lloyd's Original Answer

       Exhibit D-5:   Notice to State Court of Removal

   Exhibit E:   Certificate of Interested Parties

### D. Jury Demand

14. Plaintiff requests a jury, and Defendant also requests a trial by jury pursuant to FED. R. CIV. P. 81(c)(3)(A).

15. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

## II.
## PRAYER

WHEREFORE, Defendant Utica Mutual Insurance Company removes the above-captioned matter now pending in the 425th Judicial District Court of Williamson County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

By: */s/ Nicholas D. Smith*
Daniel P. Buechler
State Bar No. 24047756
dbuechler@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8268
Facsimile: (214) 871-8209

Nicholas D. Smith
State Bar No. 24093175
nsmith@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
9901 I.H. 10 West, Suite 800
San Antonio, TX 78230
Telephone: (830) 252-5100

**ATTORNEYS FOR DEFENDANT
UTICA MUTUAL INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I certify a true and correct copy of this document was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 24th day of March, 2023:

Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598

*Attorneys for Plaintiff*

                                          */s/ Nicholas D. Smith*
                                          Nicholas D. Smith